**The Honorable Ricardo S. Martinez**

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| PROVIDENCE HEALTH & SERVICES, A WASHINGTON NON-PROFIT CORPORATION; AND SWEDISH HEALTH SERVICES, A WASHINGTON NON-PROFIT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON, SYNDICATE 2623/623 (BEAZLEY); AND FEDERAL INSURANCE COMPANY<br><br>Defendants. | Case No. 2:18-cv-00495-RSM<br><br><br>ANSWER BY CERTAIN UNDERWRITERS AT LLOYD'S LONDON, SYNDICATE 2623/623 (BEAZLEY) TO COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Defendants Certain Underwriters at Lloyd's London, Syndicate 2623/623 ("Underwriters" or "Beazley"), by and through their counsel, submit this Answer to Plaintiffs' Complaint as follows:

## I.   INTRODUCTION

1.1(a)-(c).   Underwriters admit that paragraph 1.1 states Plaintiffs' characterization of what this action is about and what Plaintiffs seek but deny that there has been any breach of

UNDERWRITERS' ANSWER TO COMPLAINT
Case No.: 2:18-cv-00495-RSM -1

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1  2041.43955

contract by Underwriters, deny that any Plaintiff has been damaged by Underwriters, and deny that any Plaintiff is otherwise entitled to a declaratory, monetary, or any other judgment against Underwriters.

## II.   PARTIES

### Plaintiff Providence Health and Services

2.1.   Underwriters admit the allegations contained in paragraph 2.1.

### Plaintiff Swedish Health Services

2.2.   Underwriters admit the allegations contained in paragraph 2.2.

### Defendant Certain Underwriters at Lloyd's London, Syndicate 2623/623 ("Beazley")

2.3.   Underwriters admit the allegations contained in paragraph 2.3.

2.4.   Underwriters admit that they subscribe to the Beazley Policy (identified more fully in answer to Paragraph 4.1 below) but otherwise deny the allegations contained in paragraph 2.4.

### Defendant Federal Insurance Company

2.5.   The allegations of paragraph 2.5 pertain to Plaintiffs' claims against a different Defendant and, therefore, no response is required from Underwriters. To the extent a response is required, Underwriters lack sufficient information to determine the truth of those allegations and, on that basis, denies them.

2.6.   The allegations of paragraph 2.6 pertain to Plaintiffs' claims against a different Defendant and, therefore, no response is required from Underwriters. To the extent a response is required, Underwriters lack sufficient information to determine the truth of those allegations and, on that basis, denies them.

## III.   JURISDICTION AND VENUE

### Subject Matter Jurisdiction

3.1.   The allegations contained in paragraph 3.1 address the state court's pre-removal jurisdiction, but to the extent a response is required, Underwriters admit this Court has subject

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 2

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1  2041.43955

matter jurisdiction.

**Personal Jurisdiction**

3.2. The allegations contained in paragraph 3.2 address the state court's pre-removal jurisdiction, but to the extent a response is required, Underwriters submit to this Court exercising personal jurisdiction for this specific case and, on that basis, admit that this Court has personal jurisdiction.

3.3. The allegations contained in paragraph 3.3 address the state court's pre-removal jurisdiction, but to the extent a response is required, however, and upon information and belief, Underwriters admit that this Court has jurisdiction over all the parties in this specific case.

**Venue**

3.4. The allegations contained in paragraph 3.4 address the pre-removal state court venue, but to the extent a response is required, Underwriters admit that this Court is a proper venue.

### IV.   INSURANCE POLICIES

**Beazley's Primary Policy**

4.1. Underwriters admit to subscribing to Beazley One Management Liability Policy for Healthcare Organizations Policy No. W14646150301 (the "Beazley Policy"), that the Beazley Policy identifies Providence Health and Services as a Named Insured and that, subject to all terms, conditions, and exclusions set forth therein, it has an aggregate limit of liability of $10,000,000 for all coverages under the Beazley Policy, including Employment Practices Liability. Underwriters admit that ultimately, effective July 1, 2016, the Beazley Policy was amended to make the Policy Period 11/1/15 to 7/1/22, but, as originally issued, the Policy Period was 11/1/15 to 11/1/16. The Beazley Policy speaks for itself and Underwriters deny any allegations inconsistent therewith.

///

///

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 3

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1  2041.43955

**Federal's Excess Policy**

4.2.     The allegations of paragraph 4.2 pertain to Plaintiffs' claims against a different Defendant and, therefore, no response is required from Underwriters. To the extent a response is required, Underwriters lack sufficient information to determine the truth of those allegations and, on that basis, denies them.

### V.     UNDERLYING ARBITRATION

**Newell's Discrimination Claims and the Arbitration Award**

5.1.     Underwriters admit this insurance coverage suit arises out of a claim made by Dr. David W. Newell that culminated in an arbitration resulting in an award against Swedish and Providence that has since been confirmed in a state court judgment, and that is presently on appeal. Underwriters admit that by August 2015, Dr. Newell was alleging he was the subject of age-related discrimination and retaliation, and that an internal investigation of Newell's allegations was subsequently initiated. Underwriters otherwise deny the allegations in paragraph 5.1.

5.2.     Underwriters admit that Dr. Newell was arrested for soliciting a prostitute on or about July 11, 2016 during a sting operation conducted by police, that the information presently available to Underwriters indicates Dr. Newell did not immediately report the arrest to Plaintiffs, that the incident was referenced in correspondence that one or both Plaintiffs received from the State Medical Quality Assurance Commission, that Dr. Newell's employment was thereafter terminated, that the stated basis for Dr. Newell's termination was a failure to immediately report the arrest, and that Plaintiffs have contended that such failure to immediately report the arrest breached his employment contract's terms. Underwriters otherwise deny the allegations of paragraph 5.2.

5.3.     Underwriters admit that Dr. Newell ultimately commenced an arbitration against Plaintiffs seeking damages for his alleged mistreatment by Plaintiffs, and that his employment contract included certain dispute resolution terms that called for arbitration if other methods did

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 4

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955

not result in a resolution. Underwriters otherwise deny the allegations of paragraph 5.3, including any implication that Newell commenced arbitration without first demanding (before his termination) relief via other dispute resolution options he claimed a right to under his employment contract.

5.4. Underwriters admit that both Swedish and Providence participated in the arbitration and that both denied they had acted wrongfully toward Dr. Newell and that they had caused any damage to Dr. Newell. Except as expressly admitted, Underwriters deny the allegations of paragraph 5.4.

5.5. Underwriters admit that Dr. Newell's claim proceeded to arbitration and that, on August 18, 2017, an arbitration award was rendered against Swedish and Providence. That award otherwise speaks for itself and Underwriters deny any allegations inconsistent with it.

5.6. Underwriters admit that Dr. Newell's claim proceeded to arbitration and that, on August 18, 2017, an arbitration award was rendered against Swedish and Providence in excess of $17M. That award otherwise speaks for itself and Underwriters deny any allegations inconsistent with it.

### The Judgment and Pending Appeal

5.7. Underwriters admit that the King County Superior Court entered a judgment against Plaintiffs on October 27, 2017 confirming Dr. Newell's arbitration award that included the amounts stated in the August 18, 2017 arbitration award and $685,178.84 in attorneys' fees and costs (the "Judgment"). The Judgment speaks for itself and Underwriters deny any allegations inconsistent with it.

5.8. Underwriters admit the allegations contained in paragraph 5.8.

### VI. THE INSURERS' COVERAGE POSITIONS

### Beazley's Denial of Coverage

6.1. Underwriters admit that Swedish and Providence did not notify them of Dr. Newell's claim until August 28, 2017 – after Dr. Newell was terminated, after the arbitration

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 5

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955

hearing was over, and after the arbitrator had issued an award in excess of $17M.  Underwriters admit that, after promptly acknowledging notice, and conducting a reasonable investigation, including requests for and review of further information and documentation from Swedish and Providence, Underwriters issued correspondence dated February 23, 2018 to the Plaintiffs explaining reasons why, if Dr. Newell's Judgment against Swedish and Providence is not fully overturned on appeal, it appears the Beazley Policy will afford no coverage, expressly stating: "As you know, any coverage under the Policy is subject to a $1 million self-insured retention which, based on the known facts, has not been satisfied.  Thus, Beazley has no present obligation under the Policy in any event.  Thus, this letter should not be viewed as a present denial of coverage but an explanation of Beazley's coverage position in the event that the judgment/awards withstand appeal and/or Swedish and/or Providence ultimately contend that the $1 million self-insured retention has been satisfied."  Accordingly, Underwriters otherwise deny the allegations of paragraph 6.1.

**Federal Was Notified of the Claim, But Has Not Taken a Substantive Coverage Position**

6.2.    The allegations of paragraph 6.2 pertain to Plaintiffs' claims against a different Defendant and, therefore, no response is required from Underwriters.  To the extent a response is required, Underwriters lack sufficient information to determine the truth of those allegations and, on that basis, deny them.

**VII.    FIRST CLAIM: DECLARATORY JUDGMENT**

8.1.    Underwriters deny the allegations of paragraph 8.1 with respect to the Beazley Policy.  To the extent they concern the Federal Policy, the allegations pertain to Plaintiffs' claims against a different Defendant and, therefore, no response is required from Underwriters.  To the extent a response is required, Underwriters lack sufficient information to determine the truth of those allegations and, on that basis, deny them.

8.2.    Underwriters believe that the available facts and Beazley Policy language are sufficiently clear to preclude any genuine controversy over the conclusion that the Beazley

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 6

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955

Policy will afford no coverage for the arbitration award and Judgment confirming same in the event they are not fully overturned on appeal, and Underwriters have, to date, received no correspondence from Plaintiffs explaining any basis for disputing any aspect of Underwriters' coverage analysis; based on the existence of this lawsuit, however, Underwriters admit Plaintiffs apparently dispute Underwriters' coverage analysis and, to that extent, admit that a controversy exists.

8.3.   Because Plaintiffs have not to date explained any basis for disputing Underwriters' coverage analysis, and have not identified any particular issue or issues on which they seek declaratory relief, Underwriters lack sufficient information to admit or deny if the declaratory relief being sought by Plaintiffs will actually terminate the existing controversy between the parties, but admit that the issuance of declaratory relief by this Court at least holds the potential to terminate the existing controversy between the parties depending on the particular issue(s) addressed.

8.4.   Underwriters admit that Plaintiffs seek a declaratory judgment with respect to rights and/or obligations under the Beazley Policy and the Federal Policy with respect to Dr. Newell's claim but, again, it is presently unknown to Underwriters what particular aspect(s) of their coverage assessment Plaintiffs dispute, or what issues they want to raise concerning the Federal Policy.

### VIII.   SECOND CLAIM: BREACH OF CONTRACT (BEAZLEY ONLY)

9.1.   Underwriters reallege their responses to the allegations of Paragraphs 1.1 through 8.4, as if fully set forth herein.

9.2.   Underwriters deny the allegations of paragraph 9.2.

9.3.   Underwriters deny the allegations of paragraph 9.3.

### IX.   [PLAINTIFFS'] PRAYER FOR RELIEF

To the extent the Prayer for Relief includes any allegations of fact, Underwriters deny same.

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 7

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955

Any allegation in the Complaint that is not expressly admitted herein is denied.

## UNDERWRITERS' DEFENSES

By alleging the following defenses to Plaintiffs' Complaint, Underwriters do not assume any burden of production, proof, or persuasion as to such defenses not otherwise imposed by law.

### FIRST DEFENSE

### (Failure to State a Claim Against Underwriters)

The Complaint fails to state a claim against Underwriters upon which relief can be granted.

### SECOND DEFENSE

### (Failure to Satisfy The Beazley Policy Retention)

Plaintiffs have not exhausted -- and depending on the outcome of the pending appeal of the underlying arbitration award and the Judgment that Dr. Newell obtained against Plaintiffs, may never exhaust -- their $1,000,000 self-insured retention obligation under the Beazley Policy.

### THIRD DEFENSE

### (Failure to Trigger The Beazley Policy's Claims-Made-And-Reported Coverage)

Plaintiffs did not and cannot satisfy other condition precedents to coverage under the Beazley Policy, rendering Plaintiffs' claims against Underwriters meritless.  For instance, the Beazley Policy affords coverage on a claims-made-and-reported basis and Plaintiffs did not report Dr. Newell's Claim to Underwriters until after the applicable reporting period expired.

Specifically, the Beazley Policy provides: "[i]n the event the **Executive Officer** [CEO, CFO, Director of HR, or Director of RM] of the **Insured Organization** becomes aware that a **Claim** has been made against any of the **Insureds**, the **Insureds** shall, as a condition precedent to their rights to payment under this Policy, give to the Underwriters notice in writing of such **Claim** as soon as practicable but in no event later than … sixty (60) days after the date the **Executive Officer** becomes aware of such **Claim** …."  Beazley Policy's Terms and Conditions

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 8

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955

Clause IX.A, as amended by Amend Notice of Claim to Control Group Endorsement. Additionally, **Insureds** must "report all **Claims** with current details in writing to the Underwriters on semi-annual basis beginning 31st of March and 30th of September, or within 7 days thereafter[.]  Beazley Policy Terms and Conditions, Section VI, as amended by Non-Duty to Defend/Semi-Annual Bordereau Reporting/Pre-Approved Counsel Endorsement.

      Here, the underlying Claim by Dr. Newell was first made against an **Insured** no later than September 13, 2016 as evidenced by his pre-termination demand for dispute resolution, of which the Insured Organization's Executive Officer was aware no later than September 14, if not the same day the Claim was made.  Accordingly, in order to trigger any coverage under the Beazley Policy for the underlying Claim made by Dr. Newell, Plaintiffs had to report it to Underwriters no later than November 13, 2016.  However, by November 13, 2016, Plaintiffs had not provided any notice of the Claim to Underwriters.  And, even if measured by the later date when Dr. Newell commenced the arbitration on February 21, 2017, notice to Beazley would still not have satisfied the condition precedent, as notice was not provided to Beazley until August 28, 2017.

      Additionally, as noted, Plaintiffs were required to include the underlying Claim by Dr. Newell on their March 2017 bordereaux report.  However, they did not provide any notice of it to Underwriters on their March 2017 bordereaux report – or in any other fashion by that point in time.

      It was not until August 28, 2017 – eleven months after Dr. Newell made a pre-termination claim by demanding dispute resolution, and only after he was terminated, after his email account and emails had been deleted, after he had initiated an arbitration proceeding, after the arbitration hearing had concluded, and after the arbitrator had already determined the merits of the underlying Claim by Dr. Newell and had issued a binding arbitration award in excess of $17M against Providence and Swedish – that Underwriters were first notified of any dispute with or Claim by Dr. Newell.

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 9

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955

While the failure to satisfy this condition precedent is a sufficient basis for concluding that the Beazley Policy affords no coverage in connection with the underlying Claim by Dr. Newell, it is not merely the length of time that is problematic here but the surrounding circumstances, including that, by the time Underwriters first received notice, the underlying Claim had already been adjudicated and a binding arbitration award already issued.  Although Underwriters are not required to make a showing of prejudice above and beyond the lack of notice under applicable law, the extraordinary circumstances presented establish such prejudice in any event.  *See, e.g.*, NY CLS Ins § 3420(2)(B) ("an irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by … binding arbitration … .")

With respect to governing law, the Beazley Policy provides: "[e]xcept with respect to the insurability of punitive and exemplary damages … disputes involving this Policy shall be resolved by applying the law [of New York]."  Policy, Service of Suit, Choice of Law and Short Rate Table and Procedures Endorsement; Policy Decl. Item 13.  The coverage issue at hand does not involve the insurability of punitive and exemplary damages, and is not an issue to which Rev. Code Wash. § 48.18.200 applies and/or would alter.  Washington law -- like applicable New York law -- honors and enforces the reporting condition precedent of claims-made-and-reported coverage without requiring insurers to make a showing of prejudice above and beyond the lack of notice.  *See, e.g., Great American Ins. Co. v. Sea Shepherd Conservation Society*, 2014 U.S. Dist. LEXIS 71462, *14-15 (W.D. Wash. May 23, 2014) (Hon. Ricardo Martinez) (claims made insurer entitled to summary judgment where claim reported after 90-day grace period; "A claims-made policy functions identically to a claims-made-and-reported policy under Washington law where, as here, it possesses a finite notice requirement. … Contrary to Defendants' assertions, an insurer that issues a claims-made policy under Washington law also does not need to show prejudice in order to deny coverage for an untimely reported claim.")

///

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 10

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1  2041.43955

In short, having decided to reject Dr. Newell's pre-termination Claim and proceed through binding arbitration without Underwriters' knowledge or input, when the Beazley Policy expressly states proper notice to Underwriters is a condition precedent to any coverage under the Beazley Policy, Providence and Swedish have no coverage under the Beazley Policy for the resulting consequences, including but not limited to, defense fees and costs incurred in connection with the underlying Claim (including the current pending appeal) and the award/Judgment, including any interest thereon.

### FOURTH DEFENSE

### (Breach of Express Written Employment Agreement Exclusion)

Plaintiffs' claims against Underwriters are precluded in whole or part by Section III.G of the Beazley Policy's EPL Clause, which provides: "The Underwriters shall not be liable to make any payment for **Loss** in connection with or resulting from any **Claim** … for breach of an express written employment agreement, or under any policy or procedure providing for payment in the event of separation from employment unless such liability would have attached in the absence of such contract or agreement; provided, that this Exclusion shall not apply to **Defense Costs** incurred in connection with such **Claim**[.]"

### FIFTH DEFENSE

### (Assumption of Contractual Obligation Without Underwriters' Consent)

As a separate and independent defense against Providence, Underwriters have no duty under the Policy in connection with the underlying dispute between Dr. Newell, on the one hand, and Providence, on the other, because of Providence's assumption of contractual obligation without Underwriters' consent. Policy Terms and Conditions Section VI, as amended by the Non-Duty to Defend/Semi-Annual Bordereau Reporting/Pre-Approved Counsel Endorsement provides, in part:

> The **Insureds** shall not settle any **Claim**, select any
> defense counsel, incur any **Defense Costs** in excess of

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 11

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955

$250,000, admit or assume any liability, stipulate to any judgment or otherwise assume any contractual obligation, without the Underwriters' prior written consent, which shall not be unreasonably withheld. The Underwriters shall not be liable for any settlement, **Defense Costs** in excess of $250,000, assumed obligation, admission or stipulated judgment, to which they have not consented.

Providence was not a signatory to the written employment contract under which Dr. Newell demanded and initiated arbitration. Nevertheless, Providence proceeded to arbitrate Dr. Newell's Claim without providing prior notice to Underwriters, and without their consent. Providence thereby assumed a contractual obligation without Underwriters' prior written consent.

**SIXTH DEFENSE**

**(Other Applicable Beazley Policy Provisions, Equity, and/or Law)**

Plaintiffs' Complaint against Underwriters may be barred, in whole or in part, by other applicable terms, provisions, exclusions and/or conditions in the Beazley Policy, equity, or the law. Underwriters' February 23, 2018 coverage correspondence identified additional Beazley Policy provisions on which Underwriters have reserved rights, including but not necessarily limited to Beazley Policy Terms and Conditions Section XII ("The **Insureds** agree to provide Underwriters with such information, assistance and cooperation as Underwriters or their counsel may reasonably request, and they further agree that they shall not take any action which in any way increases Underwriters' exposure under this Policy"), and Section VII (allocation), as well as facts and documentary evidence relevant to such coverage reservations under the Beazley Policy, which are incorporated by reference as if fully set forth herein. Underwriters intend to rely upon and assert any and all applicable aspects of the Beazley Policy and/or the facts and evidence that are relevant to the subject matter of this coverage action.

///

///

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 12

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955

## SEVENTH DEFENSE

### (Insurability)

If coverage under the Beazley Policy were otherwise triggered and not excluded (which is not the case considering the reasons for non-coverage set forth above and in Underwriters February 23, 2018 letter, incorporated by reference as if fully set forth herein), and the underlying Judgment were not fully overturned on appeal, Underwriters might be precluded from indemnifying Plaintiffs, in whole or in part, as a matter of applicable New York law/public policy.

## EIGHTH DEFENSE

### (Failure to Mitigate)

Plaintiffs' Complaint may be barred, in whole or in part, to the extent one or both Plaintiffs failed to mitigate, minimize, or avoid any damages that they allegedly sustained.

## NINTH DEFENSE

### (Claimed Damages Not Proximately Caused by Underwriters)

Any damages Swedish and/or Providence may have sustained were not proximately caused by Underwriters.

## TENTH DEFENSE

### (No Action Clause)

Plaintiffs' Complaint may be barred, in whole or in part, by Beazley Policy Section XIII, which states: "No action shall lie against Underwriters unless, as a condition precedent thereto, the **Insureds** shall have fully complied with all of the terms of this Policy, and that amount of the **Insureds**' obligation to pay shall have been fully and finally determined either by judgment against them or by written agreement between them, the claimant and Underwriters. … ." Plaintiffs have not fully complied with all terms of the Beazley Policy as set forth in more detail above and in Underwriters February 23, 2018, which reasons are incorporated by reference as if fully set forth herein; and the underlying award/Judgment against Plaintiffs is still on appeal.

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 13

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955

Underwriters reserve the right to assert other defenses that may be discovered during the course of discovery or that may otherwise become apparent during the course of this litigation.

WHEREFORE, Underwriters ask this Court to dismiss the Complaint against Underwriters in its entirety with prejudice, that Plaintiffs recover nothing thereby, that this Court enter judgment in Underwriters' favor, and against Plaintiffs, declaring that Underwriters have no duty to pay any insurance proceeds to or on behalf of the Plaintiffs in connection with the underlying Claim against them by Dr. Newell, and granting any other relief this Court deems appropriate.

DATED:  April 25, 2018

By:  /s/ Justin S. Landreth
Peter J. Mintzer, WSBA# 19995
Justin Landreth, WSBA# 44849
SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: 206.447.6461
Facsimile: 206.588.4185
pmintzer@selmanlaw.com
jlandreth@selmanlaw.com

Kevin Kieffer, Pro Hac Vice
Monique Fuentes, Pro Hac Vice
Ross Smith, Pro Hac Vice
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: 949.622.2700
Facsimile: 949.769.2088
Kevin.Kieffer@troutmansanders.com
Monique.Fuentes@troutmansanders.com
Ross.Smith@troutmansanders.com

Attorneys for Defendant CERTAIN UNDERWRITERS AT LLOYD'S LONDON, SYNDICATE 2623/623 (BEAZLEY)

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 14

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record who receive CM/ECF notification.

DATED this 25th day of April, 2018.

/s/ Emily English
Emily English

UNDERWRITERS' ANSWER TO THE COMPLAINT
Case No.: 2:18-cv-00495-RSM - 15

SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
T: 206.447.6461 F:206.588.4185

42125.1 2041.43955