Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

PROVIDENCE HEALTH AND SERVICES;
and SWEDISH HEALTH SERVICES,

                   Plaintiffs,

      v.

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON, SYNDICATE 2623/623
(BEAZLEY); and FEDERAL INSURANCE
COMPANY,

                   Defendants.

NO.  2:18-cv-00495 RSM

PLAINTIFFS' SURREPLY REGARDING
MOTION TO STRIKE DECLARATION
OF EXPERT WITNESS RICHARD
D'AMATO

Defendants have moved to strike the declaration of expert witness Richard D'Amato

(Dkt. 44), which Providence filed in support of its Opposition to Defendants' Cross-Motions for

Summary Judgment (Dkts. 36 and 40).  The motions to strike claim that Mr. D'Amato's

testimony is inadmissible in that it offers expert opinion on a legal issue, that is, the

interpretation of the disputed policy language.  The insurers are wrong on the facts and the law.

     As to the facts, contrary to the insurers' assertions Mr. D'Amato in no way testifies as to

the interpretation of any language in either insurance policy; his only reference to policy

PLAINTIFFS' SURREPLY RE:  MOTION TO STRIKE
DECLARATION OF EXPERT RICHARD D'AMATO - 1
No. 2:18-cv-00495 RSM

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

language is in the "Factual Background" section of his declaration.  (Dkt. 44, pp.5-6).  Instead, his opinions are strictly limited to two points of fact:  (1) the distinction between occurrence-based insurance coverage and coverage written on a claims-made-and-reported basis; and (2) that the fundamental purpose of claims-made-and-reported coverage is to give the insurer finality, in the form of an assurance that no further claims will be lodged under the policy, *after the end of the policy period* (or any extended reporting period, as explained in the merits briefing).  Neither insurer disputes these points of fact, and indeed Mr. D'Amato's testimony only serves to expand upon and emphasize the judicial decisions recognizing the same points.  See Dkt. 37, p. 16, citing *Prodigy Commc'ns Corp. v. Agric. Excess & Surplus Ins. Co.*, 288 S.W.3d 374, 379 (Tx. Sup. Ct. 2009), and *Safeco Title Ins. v. Gannon*, 54 Wn. App. 330, 338-39, 774 P.2d 30 (1989). This testimony does not constitute interpretation of policy language; rather, it reinforces that the rationale of the sole exception that the Washington courts have made to the notice-prejudice rule—where notice under claims-made-and-reported policy is provided *after* the policy period—does not apply where, as here, notice was provided *during* the policy period.

As to the law, the authorities cited by the Defendants' claim are not remotely on point.  In *Trident Seafoods Corp. v. Commonwealth Ins. Co.*, 850 F. Supp. 2d 1189 (W.D. Wash. 2012), relied upon by defendant Federal, this Court considered the admissibility of expert testimony that the Court described as follows:

> Ms. Grassia's report purports to provide expert testimony on the meaning of certain provisions in the insurance policy, the effect of certain preprinted words according to the custom and practice of the insurance industry, and notice requirements by law as well as the custom and practice of the industry. Ms. Grassia also provides legal conclusions.

PLAINTIFFS' SURREPLY RE:  MOTION TO STRIKE
DECLARATION OF EXPERT RICHARD D'AMATO - 2
No. 2:18-cv-00495 RSM

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

*Trident Seafoods*, 850 F. Supp. 2d at 1196.  Mr. D'Amato does no such thing.  Further, the Court rejected only the portions of the expert testimony that constituted "interpretation of the meaning of the policy language, legal conclusions or purport[ed] to advise the court of applicable laws"; the Court permitted the expert's factual testimony concerning insurance-industry practices.  *Id.*

The foreign authorities cited by defendant Beazley are equally inapposite.  In *Stobie Creek Investments LLC v. U.S.*, 608 F.3d 1366, 1367 (Fed. Cir. 2010), the court rejected the testimony of an expert who "sought to testify about the tax laws 'as they existed in 2000' and whether the J&G tax opinion letter complied with the standards set out in Treasury Circular 230."  In *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997), the expert testimony in question "consisted of impermissible legal conclusions rather than permissible factual opinions."  None of the proffered testimony in those decisions resembles the narrow factual testimony offered by Mr. D"Amato.

In sum, the Court should deny the motions to strike and consider Mr. D'Amato's expert testimony.

DATED this 28th day of August, 2018.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiffs

By      *s/ Franklin D. Cordell*

Franklin D. Cordell, WSBA #26392
Brendan Winslow-Nason, WSBA #39328
Chelsey L. Mam, WSBA #44609
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154-1007
206.467.6477
fcordell@gordontilden.com
bwinslow-nason@gordontilden.com
cmam@gordontilden.com

PLAINTIFFS' SURREPLY RE:  MOTION TO STRIKE
DECLARATION OF EXPERT RICHARD D'AMATO - 3
No. 2:18-cv-00495 RSM

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered users.

DATED this 28th of August, 2018, at Seattle, Washington.


_s/Franklin D. Cordell_
Franklin D. Cordell, WSBA #26392

PLAINTIFFS' SURREPLY RE:  MOTION TO STRIKE
DECLARATION OF EXPERT RICHARD D'AMATO - 4
No. 2:18-cv-00495 RSM

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477