UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROVIDENCE HEALTH AND SERVICES, a Washington non-profit corporation; and SWEDISH HEALTH SERVICES, a Washington non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON, SYNDICATE 2623/623 (BEAZLEY); and FEDERAL INSURANCE COMPANY,<br><br>Defendants. | Case No. C18-495RSM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL |

This matter comes before the Court on Defendant Certain Underwriters at Lloyd's, London ("Underwriters" or "Beazley")'s Motion for interlocutory review pursuant to 28 U.S.C. § 1292(b). Dkt. #68. Beazley moves the Court "to certify for interlocutory review the Court's January 16, 2019 Order on the threshold question of whether the notice-prejudice rule applies to Providence Health and Services' and Swedish Health Services' (collectively, "Providence's") failure to provide notice of the underlying claim during the 60-day notice period of the claims-made-and-reported insurance at issue." *Id.* at 1. Defendant Federal Insurance Company joins in the Motion and Beazley's Reply brief, also seeking interlocutory

ORDER DENYING DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL - 1

review of the Court's related Orders dealing with Defendant Federal's policy. Dkts. #69 and #72. Providence opposes. Dkt. #70. The Court has determined that oral argument is unnecessary.

Under 28 U.S.C. § 1292(b), a district court may grant interlocutory appeal if an order "involves a controlling question of law" where there is "substantial ground for difference of opinion" and an immediate appeal will "materially advance the ultimate termination of the litigation." The proponent must demonstrate that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978). "It is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). Courts traditionally find a substantial ground for difference of opinion where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id*. (quoting 3 Federal Procedure, Lawyers Ed. § 3:212 (2010)); *see also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.").

The Court finds that Defendants have failed to meet their burden of demonstrating that interlocutory appeal is warranted in this case. Defendants' disagreement with the Court's prior ruling alone does not create the required "substantial difference of opinion." Because

Washington law controls the issue for which Defendants seek interlocutory review, the Court agrees with Providence that Defendants' citations to contradictory authorities not interpreting Washington law are inapposite. *See* Dkt. #70 at 6. The Court has already ruled that the cases cited by Defendants where Washington law was interpreted as not applying the notice-prejudice rule to a claims-made-and-reported policy, *see* Dkt. #71 at 3–4, were factually distinct. *See* Dkt. #61 at 7. Such cases therefore lend little support to Defendants' position that there is the possibility for a substantial difference of opinion. The Court further finds that its ruling as to this issue is entirely consistent with the existing legal landscape for assessing the application of the notice-prejudice rule under Washington law. As such, Defendants have failed to present adequate evidence or argument that this is a case where fair-minded jurists might reach contradictory conclusions.

Defendants have also failed to demonstrate that an immediate appeal will "materially advance the ultimate termination of the litigation." Defendants cannot argue that the potential reversal of the Court's ruling alone satisfies this element. Such an argument could be made in every case by a dissatisfied party. Further, the Court agrees with Providence's analysis:

> …[A]ppellate review in the normal course—after final judgment— does not pose a foreseeable risk of remand and costly retrial. The remaining proceedings in this case, whether via summary judgment or trial, will determine whether Beazley was prejudiced by the delay in notice. To the extent Beazley carries its burden of proving prejudice, it will escape its coverage obligation despite the summary judgment ruling against it. If Beazley were to fail to prove prejudice but in turn prevailed on appeal after a final judgment in favor of Providence, the case would be over.

*Id.* at 10–11. Although Defendants point to Providence's threat of staying this case because certain discovery requests are potentially prejudicial to its underlying insurance case, the Court agrees with Providence that this potential stay does not constitute exceptional circumstances

ORDER DENYING DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL - 3

justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment. In any event, the Court can evaluate the merits of such a stay when (or if) a motion to stay is filed by Providence.

The Court acknowledges Plaintiff's suggestion that the Court certify this question to the Washington State Supreme Court. However, as correctly pointed out by Defendants, "[t]here is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." Dkt. #71 at 6 (citing *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008)). "The Washington State Supreme Court does not operate as a court of appeals for decisions of this Court." *Robertson v. GMAC Mortg. LLC*, 2013 U.S. Dist. LEXIS 77680, *3 (W.D. Wash. May 30, 2013). The Court finds that Plaintiff has failed to overcome the presumption against certification after this Court has already issued its decision on this legal issue, and the Court declines to certify this question now.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for interlocutory review pursuant to 28 U.S.C. § 1292(b), Dkt. #68, is DENIED. Defendant Federal's Motions for joinder, Dkts. #69 and #72, are DENIED consistent with the above.

DATED this 1 day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL - 4