UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PROVIDENCE HEALTH AND SERVICES; and SWEDISH HEALTH SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON, SYNDICATE 2623/623 (BEAZLEY); and FEDERAL INSURANCE COMPANY,<br><br>Defendants. | NO. C18-495 RSM<br><br>STIPULATED DISCOVERY PROTOCOL AND ORDER |

Plaintiffs Providence Health and Services and Swedish Health Services (collectively "Providence") and Defendants Certain Underwriters at Lloyd's London, Syndicate 2623/623 (Beazley) and Federal Insurance Company (collectively "Insurers") submit this Stipulated Discovery Protocol, to supplement the parties Joint Status Report and Discovery Plan.

**A.** **General Principles**:

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. All parties agree to consult with each other in good faith on any discovery issue to achieve resolution prior to raising any issue with the Court.

2. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) should be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

3. Any party asserting undue hardship and/or unreasonable expense to any request for production shall promptly meet and confer regarding the review and production of the requested data/documents.

**B.      Standard for Disclosures:**

Each party shall disclose:

1. <u>Custodians</u>. The custodians most likely to have discoverable ESI data and hard copy documents in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2. <u>Non-custodial data sources</u>. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email and/or mobile device providers, "cloud" storage, etc.) and for each such source, indicate the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). Note: Section C(2)(a)-(i) below sets forth data sources and ESI which are not

required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.

C. **Standard for Preservation**:

A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to ESI, the following provisions apply:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(2) or (D)(1)-(2) below).

2. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Server, system or network logs.

STIPULATED DISCOVERY PROTOCOL AND ORDER - 3

J R U G R Q # 600 University Street
W I O G H Q # Suite 2915
W K R P D V # Seattle, WA 98101
F R U G H O O # 206.467.6477

    f.  Data remaining from systems or devices no longer in use that is unintelligible on the systems in use.

    g.  Electronic data (e.g., email, calendars, contact data, notes, and text messages) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), other than such collected by the Parties or their counsel, for the purpose of preservation or other potential use in connection with this litigation, prior to the date this Protocol is executed.

  3.  The parties are to confer on any other categories of ESI that may not need to be preserved, in light of the General Principles set forth above, and determine whether the parties can agree that such categories can be added to the non-preservation list in (C)(2) above.

**D.**  **<u>Standard for Addressing Privilege</u>**:

  The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

  1.  With respect to privileged or attorney work product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

  2.  Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

  3.  Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, (i) if such information appears on its face that it may have

600 University Street  
Suite 2915  
Seattle, WA 98101  
206.467.6477

been inadvertently produced or (ii) if the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

E. **Other Discovery Protocols**:

    1. <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

    2. <u>Search methodology</u>. The Court presumes that in the majority of cases, the use of search terms will be reasonably necessary to locate ESI likely to contain discoverable information.

    a. A producing party shall disclose what search terms, if any, were used to locate ESI likely to contain discoverable information. If search terms were not used, a party shall disclose the search methodology used to locate ESI likely to contain discoverable information.

    b. If search terms were used to locate ESI likely to contain discoverable information, a requesting party is entitled to request no more than ten additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The producing party shall run such requested terms across all ESI sources (custodial or non-custodial) for which the producing party used search terms to locate potentially-discoverable information, as disclosed pursuant to paragraph 2.a. above. The parties shall confer in good faith on the ten additional terms or queries. Focused terms and queries, rather than overbroad ones (*e.g.*, product and company names), shall be employed.

    c. For the purposes of this Protocol, and absent a showing of good cause, search terms returning more than one (1) gigabyte of data are presumed to be overbroad.

3. <u>Format</u>. *See* Exhibit 1 for electronic images (of hard copy and ESI) and document metadata production specifications. The parties shall meet and confer if it is determined that the specifications governing the production are unfairly burdensome.

4. <u>Native files</u>. Unless otherwise agreed to by the parties, files that should be produced in native format are PowerPoint files and files not easily converted to image format, such as Excel, Access files, and drawing files.

5. <u>Metadata fields</u>. The parties shall confer and agree on whether any metadata beyond that listed in Exhibit 1 to this Protocol is to be produced or potentially responsive non-standard filetype metadata (like EXIF metadata) is excluded from discovery.

6. <u>Costs</u>. Generally, the costs of discovery shall be borne by each party. The Court will, however, apportion the costs of discovery among the parties, including discovery of ESI that is not reasonably accessible, upon a showing of unequal burdens, the parties not similarly situated, unreasonable requests, or other good cause.

7. <u>Hard Copy Documents</u>. A producing party shall digitize hardcopy records at the producing parties' expense unless such a production would result in undue hardship or unreasonable expense. Generally, hard copy unitization information required shall not exceed that listed in Exhibit 1 or otherwise stated in this Protocol. Each document's electronic image shall convey the same information as the original native document. Documents that present imaging or formatting problems shall be made available. Each page of a document shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file.

J R U G R Q # 600 University Street
W I O G H Q # Suite 2915
W K R P D V # Seattle, WA 98101
F R U G H O O # 206.467.6477

DATED this 22nd day of July, 2019.

        **GORDON TILDEN THOMAS & CORDELL LLP**
        Attorneys for Plaintiffs

        By    s/ *Chelsey L. Mam*
            Franklin D. Cordell, WSBA #26392
            Brendan Winslow-Nason, WSBA #39328
            Chelsey L. Mam, WSBA #44609
            1001 Fourth Avenue, Suite 4000
            Seattle, Washington 98154-1007
            206.467.6477
            fcordell@gordontilden.com
            bwinslow-nason@gordontilden.com
            cmam@gordontilden.com

DATED this 22nd day of July, 2019.

        **WILSON SMITH COCHRAN DICKERSON**
        Attorneys for Defendants Certain Underwriters at
        Lloyd's London, Syndicate 2623/623 (Beazley)

        By    s/ *John M. Silk*
            John M. Silk, WSBA #15035
            901 Fifth Avenue, Suite 1700
            Seattle WA  98164-2050
            206.623.4100
            silk@wsdc.com

DATED this 22nd day of July, 2019.

        **TROUTMAN SANDERS**
        Attorneys for Defendants Certain Underwriters at
        Lloyd's London, Syndicate 2623/623 (Beazley)

        By    s/ *Ross Smith*
            Kevin F. Kieffer
            Monique F. Fuentes
            Ross Smith
            5 Park Plaza, Suite 1400
            Irvine, CA 92614
            949.622.2700
            Kevin.fieffer@troutman.com
            Monique.fuentes@troutman.com
            Ross.smith@troutman.com

DATED this 22nd day of July, 2019.

        **SOHA & LANG, PS**
        Attorneys for Defendant Federal Insurance Company

      By s/ *Geoffrey Bedell*
        Steven Soha, WSBA #09415
        Geoffrey Bedell, WSBA #28837
        1325 Fourth Avenue, Suite 2000
        Seattle, WA 98101
        206.624.1800
        soha@sohalang.com
        bedell@sohalang.com

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED this 25th day of July 2019.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE